***********
Upon review of the competent evidence of record, with reference to the errors assigned, and the mandates of the Court of Appeals, additional evidence or argument by the parties is not necessary.
The Full Commission reviewed this matter on July 1, 2008, upon plaintiff's appeal from an Opinion and Award of Deputy Commissioner Chrystal R. Stanback filed December 13, 2007.
Plaintiff argued that the period of her temporary total disability extended until she returned to work on September 5, 2006 when she returned to employment. *Page 2 
The defendant responded that the period of temporary total disability should end on January 2, 2006 when plaintiff reached maximum medical improvement.
The Full Commission, Commissioner Christopher Scott dissenting, found that plaintiff's period of temporary total disability ended on January 2, 2006 when plaintiff reached maximum medical improvement and defendant had unilaterally terminated disability payments.
Plaintiff then appealed then appealed this case to the Court of Appeals. The Court of Appeals certified its holding on October 26, 2009 that once payment of compensation under a Form 60 has commenced, payments can only be terminated pursuant to N.C. Gen. Stat. § 97-18.1(c) under certain circumstances, including following the specific procedures of Rule 404 of the Rules of the North Carolina Industrial Commission under the facts of this case. The Court of Appeals reasoned that because defendants did not avail themselves of the procedure for terminating plaintiff's temporary total disability benefits, these benefit would not terminate pursuant to N.C. Gen. Stat. § 97-18.1(c) until plaintiff returned to work on September 5, 2006.
The Court of Appeals further mandated that plaintiff is entitled to late payment penalties pursuant to N.C. Gen. Stat. § 97-18(g). The Court of Appeals reasoned that because of defendant's improper unilateral suspension of disability benefits, plaintiff is entitled to a 10% late payment for disability payments not due between January 2, 2006 and September 5, 2006.
In accordance with the ruling of the Court of Appeals, it is hereby:
 ORDERED:
1. Defendants shall pay plaintiff temporary total disability benefits from January 2, 2006 through September 5, 2006.
2. Defendants shall pay plaintiff a ten percent (10%) late payment penalty, in lump sum, on all disability payments from January 2, 2006 through September 5, 2006. *Page 3 
3. The amounts Awarded in Paragraphs 1 and 2 shall be paid in one lump sum subject to a reasonable attorney fee. Plaintiff shall pay a reasonable attorney fee of twenty-five percent (25%) of the amounts awarded in Paragraphs 1 and 2 above. Defendants shall deduct the amount due plaintiff's counsel directly from the sums due to plaintiff and pay the same directly to plaintiff's counsel.
4. Defendants shall pay plaintiff interest pursuant to N.C. Gen. Stat. § 97-86.2.
5. Defendants shall pay the costs.
This the ___ day of November 2009.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1